UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYSHON WATLEY, | ) | CASE NO. 4:09 CV 3003 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARTIN ESCOBAR, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Rayshon Watley filed this action under 42 U.S.C. §1983 against Dr. Martin Escobar and Ohio State Penitentiary ("OSP") Health Care Administrator, Yevett Thorton. Plaintiff alleges Defendants have been deliberately indifferent to his serious medical needs.

Plaintiff has filed an Application to Proceed *In Forma Pauperis* in the case (Doc. 2). However, Congress has restricted a prisoner's right to proceed *in forma pauperis*. The "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA"), forbids a prisoner from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The PLRA became effective on April 26, 1996, but "dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes'

referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

Plaintiff concedes in his application that he is subject to the three strikes provision. Plaintiff now has filed at least four previous lawsuits in federal court that have been that have been dismissed as frivolous or for failure to state a claim. *See Watley v. Hughes, et al.*, No. 1:06 CV 678, slip op. (S.D. Oh. Oct. 18, 2006) (denying Application to Proceed *In Forma Pauperis* on the grounds of 28 U.S.C. §1915(g)). Plaintiff is likewise barred from proceeding *in forma pauperis* in this case.

Plaintiff asserts in his application that he falls within the "imminent danger" exception. However, Plaintiff's complaint does not allege facts from which the Court can conclude Plaintiff was in imminent danger of serious physical injury when he filed his complaint. The complaint, as written, indicates Plaintiff has received medical treatment but disagrees with the conclusions of medical personnel. He contends he needs more pain medication and medical procedures. But Plaintiff's allegations do not suggest that Plaintiff is under "imminent danger of serious physical injury." Accordingly, Plaintiff's claims do not fit within the exception to the statutory mandate prohibiting him from proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g).

Plaintiff's Application to Proceed *In Forma Pauperis* is denied pursuant to 28 U.S.C. § 1915(g), and this action is dismissed without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: April 22, 2010         *s/John R. Adams*
                              JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE